IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

Reshare Commerce, LLC,

        Plaintiff,                      Civ. No. 11-2616 (MJD/LIB)

vs.                                      PRETRIAL ORDER
                                          (Patent Case)
The Antioch Company, et al.,

        Defendants.

The parties/counsel identified below participated in a meeting required by Fed. R. Civ. P. 26(f) and the Local Rules, on March 2, 2012, and prepared a recommended pretrial scheduling order for the Court's consideration.

The Pretrial Conference in this matter was held on Wednesday, March 14, 2012, at 9:30 a.m., before United States Magistrate Judge Leo I. Brisbois.

    Parties and Counsel:

    Plaintiff Reshare Commerce, LLC ("Reshare" or "Plaintiff") was represented by Joshua Brotemarkle who appeared at the Pretrial Conference held on March 14, 2012.

    Defendant The Antioch Company, LLC and subsidiaries and affiliates were represented by Peter Forrest who appeared at the Pretrial Conference held on March 14, 2012.

    Defendant Dermalogica, Inc. was represented by Michael C. McCarthy who appeared at the Pretrial Conference held on March 14, 2012

    Defendant The Toro Company was represented by Anthony R. Zeuli who appeared at the Pretrial Conference held on March 14, 2012.

    Defendant Discovery Toys, LLC, did not appear at the Pretrial Conference and is subject to an entry of default dated December 1, 2011 [Docket No. 45].

**(a)  Description of Case**

(1) Concise factual summary of Plaintiff's claims, including the patent number(s), date(s) of patent(s), and patentee(s):

Reshare holds U.S. Patent No. 6,594,641 ("the '641 patent"), filed April 16, 1999 and issued July 15, 2003, entitled "Computer Facilitated Product Selling System," that is directed to systems and methods for identifying and compensating third-party retailers when a manufacturer directly makes a sale to a customer. Defendants operate websites that Reshare alleges practice every element of one or more claims of the '641 patent and therefore Defendants are liable to Reshare for patent infringement. Reshare asks for a judgment that Defendants infringed, an award of damages, and for Defendants to be enjoined from further infringement.

(2) Concise factual summary of Defendants' claims/defenses:

Defendants note that they number among at least thirty-four (34) past and present entities against whom Reshare has sought payment though litigation. In previous litigation, Reshare has settled with or dismissed its claims against all defendants, who spanned a wide range of industries, before the claims of the '641 patent were ever construed. Defendants contend that this lawsuit is part of a an ongoing plan to extract nuisance settlements, and Defendants therefore request the phased discovery plan proposed below.

Defendants allege that the '641 patent is invalid and that the Defendants do not, with their web sites or otherwise, practice the patent. Defendants also allege that Reshare's claims are barred or limited by the equitable doctrines of estoppel, laches, waiver, acquiescence, and/or prosecution history estoppel and that Reshare's claims are barred or limited by several provisions of the Patent Act. Finally, Defendants have brought counterclaims seeking a judicial declaration that each Defendant does not infringe the '641 patent and that the patent is invalid.

(3) Statement of jurisdiction (including statutory citations):

The Court has jurisdiction over this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Jurisdiction over the

   counterclaims is proper under 28 U.S.C. §§ 1331, 1338, 1367 and under the Declaratory Judgment Act, 28 U.S.C. § 2201 and 2202.

(4)  Summary of factual stipulations or agreements:

   Plaintiff Reshare Commerce, LLC, is a Minnesota limited liability company with its principal place of business at 5051 Highway 7, Minneapolis, MN 55416.

   Defendant The Antioch Company, LLC is a Delaware limited liability company having a principal place of business at 3001 Clearwater Road, St. Cloud, MN 56302.

   Defendant Dermalogica, Inc. is a California corporation having a principal place of business at 1535 Beachey Place, Carson, CA 90746-4005.

   Defendant The Toro Company is a Delaware corporation having a principal place of business at 8111 Lyndale Ave. S., Bloomington, MN 55420.

(5)  Statement of whether jury trial has been timely demanded by any party:

   All parties have timely demanded a jury trial.

**(b)**  **Pleadings**

(1)  Statement of whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action:

   Plaintiff has filed a Complaint. Defendant The Antioch Company, LLC has filed an Answer. Defendants Dermalogica, Inc. and The Toro Company have filed Answers and Counterclaims, to which Plaintiff has filed Replies to such Counterclaims. Defendant Discovery Toys, LLC has not answered and is subject to an entry of default dated December 1, 2011 [Docket No. 45].

(2)  Proposed date by which all hearings on motions to amend and/or add parties to the action shall be heard:

   See, Paragraph (j)(1)(A).

**(c)   Discovery and Pleading of Additional Claims and Defenses**

(1)   Discovery is permitted with respect to claims of willful infringement and defenses of patent invalidity or unenforceability not pleaded by a party, where the evidence needed to support these claims or defenses is in whole or in part in the hands of another party.

(2)   Once a party has given the necessary discovery, the opposing party may seek leave of Court to add claims or defenses for which it alleges, consistent with Fed. R. Civ. P. 11, that it has support, and such support shall be explained in the motion seeking leave. Leave shall be liberally given where prima facie support is present, provided that the party seeks leave as soon as reasonably possible following the opposing party providing the necessary discovery.

**(d)   Fact Discovery**

The Court establishes the following fact discovery deadlines and limitations:

(1)   All pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1) shall be completed on or before **April 13, 2012**.

(2)   Fact discovery shall be commenced in time to be completed by **February 15, 2013**. Depositions for the purpose of conducting fact discovery on damages are not to be scheduled before **January 1, 2013**.

Disputes with regard to pre-discovery disclosures or discovery shall be called immediately to the Court's attention by the making of an appropriate Motion, and shall not be relied upon by any party as a justification for not adhering to this Pretrial Order. No further or additional discovery shall be permitted after the above date except by leave of the Court for good cause shown, and agreements between counsel which contravene the provisions of this Order will not be recognized. Each party shall fully supplement all discovery responses according to the Federal Rules of Civil Procedure. Any evidence responsive to a discovery request which has not been disclosed on or before the close of discovery, except for good cause shown, shall be excluded from evidence at trial. However, upon agreement of counsel, or with leave of the Court, depositions in lieu of in-Court testimony may be taken after the close of discovery.

(3)   The parties recommend that the Court limit the use and numbers of discovery procedures as follows:

(a) Plaintiff is limited to **fifteen (15)** interrogatories on common issues to Defendants and **ten (10)** interrogatories on issues unique to each Defendant.

Defendants, collectively, are limited to **fifteen (15)** interrogatories on common issues to Plaintiff and an additional **ten (10)** interrogatories per each Defendant on issues unique to Plaintiff from that Defendant.

(b) Plaintiff is limited to **thirty (30)** document requests on common issues to Defendants and **fifteen (15)** document requests on issues unique to each Defendant.

Defendants, collectively, are limited to **thirty (30)** document requests on common issues to Defendants and **fifteen (15**) document requests per each Defendant on issues unique to Plaintiff from that Defendant.

(c) Plaintiff is limited to **thirty (30)** requests for admissions on common issues to Defendants and **fifteen (15)** requests for admissions on issues unique to each Defendant.

Defendants, collectively, are limited to **thirty (30)** requests for admissions on common issues to Plaintiff and an additional **fifteen (15)** requests for admissions per each Defendant on issues unique to Plaintiff from that Defendant.

All parties are entitled to unlimited requests for admissions for the purpose of authenticating documents.

(d) No more than **eighty-five (85)** hours of factual depositions, including Rule (30)(b)(6) depositions and excluding expert witness depositions, shall be taken by either side.

    (e) The parties agree that privileged communications occurring after the filing of Reshare's lawsuit need not be included in the parties' respective privilege logs.

    (f) A party may, for good cause, seek the Court's leave to propound additional discovery beyond these limits.

**(e)**   **Expert Discovery**

The parties anticipate that they will require expert witnesses at time of trial.

(1) Plaintiff currently anticipates calling **two to three (2-3)** experts in the fields of: 1) patented technology; 2) competitive makeup of the market; and and 3) damages, as well as any experts necessary to rebut expert opinions propounded by Defendants.

(2) Defendants anticipate calling **two (2) experts per each Defendant** in the fields of: (1) the technology at issue and (2) damages. Defendants agree to make every effort to use common experts.

(3) By the close of fact discovery, the parties shall identify to the opposing party the experts who will provide a report that deals with the issues on which that party has the burden of persuasion.

(4) That within the foregoing period allotted for discovery, but no later than the dates set forth below, the parties shall retain and disclose to opposing counsel all persons they intend to call as expert witnesses at trial. Each party's disclosure shall identify each expert and state the subject matter on which the expert is expected to testify. The disclosure shall be accompanied by a written report prepared and signed by the witness. As required by Rule 26(a)(2)(B), Federal Rules of Civil Procedure, the report shall contain:

  a. The qualifications of the witness, including a list of all publications authored by the witness within the preceding 10 years;

  b. The compensation to be paid for the study and testimony;

  c. A listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years;

        d.      A complete statement of all opinions to be expressed and the basis and reasons therefor;

        e.      The data or other information considered by the witness in forming the opinions; and

        f.      Any exhibits to be used as a summary of or support for the opinions.

That both parties' disclosures on which they have the burden of proof shall be made on or before **March 8, 2013**. The rebuttal experts' disclosures shall be disclosed on or before **April 12, 2013**.

(5)    Anything shown or told to a testifying expert relating to the issues on which he/she opines, or to the basis or grounds in support of or countering the opinion, is subject to discovery by the opposing party.

(6)    Drafts of expert reports **will not** be retained and produced; and inquiry **is** permitted into whom, if anyone, other than the expert participated in the drafting of his/her report. The Court **will not** entertain motions on these two issues.

(7)    All expert discovery shall be completed by **May 17, 2013.**

**(f)** **Discovery Relating to Claim Construction Hearing**

(1)    Deadline For Plaintiff's Claim Chart: **June 29, 2012.**

Plaintiff's Claim Chart shall identify: (1) which claim(s) of its patent(s) it alleges are being infringed; (2) which specific products or methods of defendant's it alleges literally infringe each claim; and (3) where each element of each claim listed in (1) is found in each product or method listed in (2), including the basis for each contention that the element is present. If there is a contention by Plaintiff that there is infringement of any claims under the doctrine of equivalents, Plaintiff shall separately indicate this on its Claim Chart and, in addition to the information required for literal infringement, Plaintiff shall also explain each function, way, and result that it contends are equivalent, and why it contends that any differences are not substantial.

(2)    Deadline For Defendants' Claim Charts: **July 27, 2012.**

   Defendants' Claim Chart shall indicate with specificity which elements on Plaintiff's Claim Chart it admits are present in its accused device or process, and which it contends are absent. In the latter regard, Defendants will set forth in detail the basis for its contention that the element is absent. As to the doctrine of equivalents, Defendants shall indicate on its chart its contentions concerning any differences in function, way, and result, and why any differences are substantial.

(3) On or before **August 31, 2012,** the parties shall simultaneously exchange a list of claim terms, phrases or clause that each party contends should be construed by the Court. On or before **September 14, 2012,** the parties shall meet and confer for the purpose of finalizing a list, narrowing or resolving differences, and facilitating the ultimate preparation of a joint claim construction statement. During the meet and confer process, the parties shall exchange their preliminary proposed construction of each claim term, phrase or clause which the parties collectively have identified for claim construction purposes.

   At the same time the parties exchange their respective "preliminary claim construction" they shall also provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses that they contend support their respective claim constructions. The parties shall identify each such items of extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any such witness, percipient or expert, the parties shall also provide a brief description of the substance of that witness' proposed testimony.

(4) Following the parties' meet and confer described above, and no later than **September 18, 2012,** the parties shall notify the Court as to whether they request that the Court schedule a Claim Construction hearing to determine claim interpretation. If any party believes there is no reason for a Claim Construction hearing, the party shall provide the reason to the Court.

   At the same time, the parties shall also complete and file with the Court a joint claim construction statement that shall contain the following information:

    (A) The construction of those claim terms, phrases, or clauses on which the parties agree;

      (B)    Each party's proposed construction of each disputed claim term, phrase, or clause together with an identification of all references from the specification of prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either in support of its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited, as permitted by law, dictionary definitions, citation to learned treatises and prior art, and testimony of percipient and expert witnesses;

      (C)    Whether any party proposes to call one or more witnesses, including experts at the Claim Construction hearing, the identity of each such witness and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert.

(5)    If the Court schedules a Claim Construction hearing, prior to the date of the Claim Construction hearing, the Court shall issue an Order discussing:

      (A)    Whether it will receive extrinsic evidence, and if so, the particular evidence it will receive;

      (B)    Whether the extrinsic evidence in the form of testimony shall be the affidavits already filed, or in the form of live testimony from the affiants; and

      (C)    A briefing schedule.

**(g)**   **Discovery Relating to Validity/Prior Art**

(1)    Within **45** days of its receipt of Plaintiff's Claim Chart pursuant to Discovery Plan paragraph (1) Defendant shall serve on Plaintiff a list of all of the prior art on which it relies, and a complete and detailed explanation of what it alleges the prior art shows and how that prior art invalidates the claim(s) asserted by Plaintiff ("Defendant's Prior Art Statement").

(2)    Within **30** days of its receipt of Defendant's Prior Art Statement Plaintiff shall serve on Defendants "Plaintiff's Prior Art Statement", in which it will state in detail its

       position on what the prior art relied upon by Defendants shows, if its interpretation differs from Defendant's, and its position on why the prior art does not invalidate the asserted patent claims.

    (3)    Plaintiff's and Defendants' "Prior Art Statements" can be, but need not be, in the form of expert reports.

    (4)    That the parties can amend or supplement a Claim Chart of Prior Art Statement only by leave of Court, upon a showing:

        (A)    that the additional or amended information was not and could not reasonably have been located and provided earlier;

        (B)    that the additional or amended information is not merely cumulative; and

        (C)    how the balance of prejudice weighs in favor of the party seeking leave.

**(h)**     **Other Discovery Issues**

    (1)    Defendant may postpone the waiver of any applicable attorney-client privilege on topics relevant to claims of willful infringement, if any, until **December 14, 2012**, provided that all relevant privileged documents are produced no later than **January 15, 2013**. All additional discovery regarding the waiver will take place after **January 15, 2013** and shall be completed by **February 15, 2013**.

    (2)    The parties have met and discussed whether any discovery should be conducted in phases to reduce expenses or make discovery more effective.

        The Court will not phase fact discovery. See, Paragraph (d)(2).

    (3)    The parties have discussed the entry of a Protective Order. If either party believes a Protective Order is necessary, the parties shall jointly submit a proposed Protective Order. The parties are encouraged, though not required, to use Form 5 as a template for the proposed Protective Order.

**(i)**     **Discovery Definitions**

In responding to discovery requests, each party shall construe broadly terms of art used in the patent field (e.g., "prior art", "best mode", "on sale"), and read them as requesting discovery relating to the issue as opposed to a particular definition of the term used. Compliance with this provision is not satisfied by the respondent including a specific definition of the term of art in its response, and limiting its response to that definition.

**(j)     Motion Schedule**

(1) The parties recommend that all non-dispositive motions shall be filed and served in compliance with Local Rule 7.1(a), and the Hearing thereon completed or before the following dates:

(A) All motions that seek to amend the pleadings or add parties must be served, filed and the Hearing thereon completed by **May 15, 2012,** except for good cause shown.

(B) All other non-dispositive motions and supporting documents, including those which relate to discovery, shall be filed, and the Hearing thereon completed, by the discovery deadline date: **June 17, 2013**.

(C) All non-dispositive motions shall be scheduled by calling Victoria L. Miller, Calendar Clerk for Magistrate Judge Leo I. Brisbois, and filed and served in compliance with the Local Rule 7.1(a). No discovery Motion shall be heard unless the moving party files with the Motion the statement required by Local Rule 37.1 and complies with the requirements of Local Rule 37.2.

(2) The parties recommend that all dispositive motions be filed and served so they can be heard by the following dates:

(A) All dispositive motions shall be fully briefed, served and filed by the moving party by **July 17, 2013**.

       (B)    Chief Judge Davis' chambers will provide counsel with a hearing date and custom briefing schedule at the time of filing. Counsel are reminded that they must anticipate the time required for scheduling this hearing and to schedule the hearing by calling Kristine Wegner, Calendar Clerk for Chief Judge Michael J. Davis at 612-664-5073.

       (C)    All dispositive motions shall be scheduled, filed and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and in compliance with Local Rule 7.1

**(k)** **Trial-Ready Date**

(1) The case will be ready for trial on or after **November 15, 2013**[1], or 30 days after the Court renders its Order on any dispositive Motion (whichever is later), at which time the case will be placed on the Court's **Jury** Trial calendar.

(2) A final pretrial conference will be held at the discretion and direction of the Trial Judge.

**(l)** **Settlement**

(1) The parties were to have discussed settlement before **March 14, 2012,** the date of the initial pretrial conference, by Plaintiff making a written demand for settlement and each Defendant making a written response/offer to Plaintiff's demand.

(2) The parties have discussed settlement conference and alternative dispute resolution and all parties are open to participating in a settlement conference. The parties propose that they discuss settlement among themselves and, if necessary, approach the Court to schedule a settlement conference with the Magistrate Judge when it would be meaningful to resolution of the case. Any necessary settlement conference shall be scheduled on or before **November 15, 2013.**

---

[1] **THIS DATE IS NOT A TRIAL SETTING DATE.** The parties will be notified by the Calendar Clerk of the assigned Judge to a case by way of a Notice of Trial as to when this case will be placed on the Trial Calendar. The above date is merely a notice to all parties to consider the case ready for trial as of this date. **DO NOT PREPARE FOR TRIAL UNTIL NOTIFIED**

**(m)    Tutorial Describing the Technology and Matters in Issue**

If the parties believe that a tutorial for the Court would be helpful for the Court, the parties shall simultaneously submit a letter to the Court, asking whether the Court wishes to schedule a tutorial and proposing the timing and format of the tutorial.

**(n)    Patent Procedure Tutorial**

The parties **do not agree** the video "An Introduction to the Patent System", distributed by the Federal Judicial Center, should be shown to the jurors in connection with its preliminary jury instructions.

BY THE COURT:

DATED: March 21, 2012

s/Leo I. Brisbois
Leo I. Bribsois
U.S. MAGISTRATE JUDGE