UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Reshare Commerce, LLC.,

    Plaintiff,

v.

The Antioch Company, et al.,

    Defendants.

MEMORANDUM OPINION
AND ORDER
Civil No. 11-2616 (MJD/LIB)

_____

Steven R. Daniels, W. Bryan Farney, Mary C. Jacob, Bryan D. Atkinson and Anthony Beasley, Farney Daniels, LLP, and Alan M. Anderson and Aaron C. Nyquist, Alan Anderson Law Firm LLC, Counsel for Plaintiffs.

_____

This matter is before the Court on Plaintiff's renewed motion for default judgment against Defendant Discovery Toys, LLC.

I.    Background

Plaintiff Reshare Commerce, LLC ("Reshare") brought this action against various defendants, alleging that defendants infringe one of its patents, U.S. Patent No. 6,594,641 ("the '641 patent"). The '641 patent is titled a "Computer Facilitated Product Selling System" and is described as "an apparatus and system for allowing customers to purchase boutique or speciality items directly from a

1

supplier or wholesaler." (Ex. A to Complaint.) When the purchaser buys the item online, through the '641 patent, the supplier can credit the local retailer for some or all of the profit from such online sale. (Id.)

Reshare filed a number of cases in this District involving multiple defendants. In this particular case, Reshare originally included nine defendants. Claims against all of the defendants, save one, have since been dismissed with prejudice. The remaining defendant is Discovery Toys, who is the only defendant that did not file an answer or otherwise respond to the complaint.

Reshare had previously sought default judgment against Discovery Toys, but this Court denied the motion as premature - finding that a default judgment, in particular the requested injunctive relief, was potentially inconsistent with the defenses of the defendants remaining in the case at that time. In addition, the Court found that Reshare did not submit sufficient evidence to support its claim for damages. Now that Discovery Toys is the only remaining defendant, Reshare has renewed its motion for default judgment, seeking only damages and attorney's fees.

Specifically, Reshare seeks an order from the Court entering judgment against Discovery Toys for compensatory damages in the amount of $48,000,

enhanced damages for willful infringement, pre-judgment interest at 3.25% from September 12, 2011 to the date of judgment, costs in the amount of $976 and a finding that this case is exceptional and an award of attorney's fees in the amount of $22,142.50.

## II.   Default Judgment

Default judgments are not favored in the law. United States ex. rel. Time Equip. Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993). It is within the discretion of the Court whether to grant default judgement. Fingerhut Corp. v. Ackra Direct Marketing Corp., 86 F.3d 852, 856 (8th Cir. 1996). Once default has been entered, the defaulting defendant is deemed to have admitted the factual allegations in the complaint. However, factual allegations as to damages must be proven. Everyday Learning Corp. v. Larson, 242 F.3d 815, 818 (8th Cir. 2001).

### A.   Reasonable Royalty

In support of the motion for default judgment, Reshare has submitted a declaration from Adam Southam, the CEO of Reshare. In his declaration, he asserts that his company has a three part license structure for companies that have been using the '641 patent prior to licensing which includes: a $48,000

license inception and/or flat license fee, plus 2.5% of online sales for past and future sales for companies having up to $5,000,000 in online sales annually. (Goss Decl., Ex. 11 (Southam Decl. ¶¶ 3, 4).)  In addition, Reshare has submitted license agreements entered into with Dermalogica, Pure Romance LLC and Nationwide Mutual Insurance Company to support its claim for $48,000 inception fee.  (Id., Exs. A, B and C.)  Based on this evidence, the Court finds that Reshare has demonstrated that it is entitled to an award of $48,000 as a reasonable royalty.

B.      **Enhanced Damages**

Reshare also seeks enhanced damages for willful infringement.  Reshare asserts that by defaulting, Discovery Toys has admitted that it has willfully infringed the '641 patent, entitling Reshare to enhanced damages under 35 U.S.C. § 284.  Reshare asserts other district courts have awarded enhanced damages for willful patent infringement against defendants in default, citing to J. Blazek SKLO Prodebrady s.r.p., Civil No. 06-3829 (ADM/JSM) (D. Minn. Nov. 21, 2007) and Jaguar Imps. LLC v. Phoenix Global Ventures, Inc., Civ. No. 6:12-1486, 2013 WL 3491160 (M.D. Fla. Jul. 2, 2013).  Both of these cases, however, are not exactly on point to the present case.

First, the Court notes that <u>Jaguar</u> does not involve enhanced damages. Second, in <u>Blazek</u>, the plaintiff had sent the defaulting defendant pre-suit notices of infringement. Plaintiff thereafter filed suit and the defendant, through counsel, moved twice for an extension to file an answer. Instead of filing an answer, however, the defendant sought to transfer venue. Thereafter, the defendant notified the Court that it had fired counsel, and that the company would proceed without legal representation. Defendant was given the opportunity to hire new counsel, as a corporation cannot represent itself. When defendant failed to hire new counsel and failed to file an answer, the Court granted plaintiff's motion for default judgment, including enhanced damages, because the Court found that defendant continued to infringe the patent and had demonstrated bad faith by failing to comply with court orders.

Here, there is no evidence that Reshare provided Discovery Toys pre-suit notice of infringement of the '641 patent. In addition, Discovery Toys has not answered or responded to the Complaint in any way.[1]

Typically, to be entitled to enhanced damages under § 284, the plaintiff

---

[1] It does appear, however, that Discovery Toys is aware of the suit, as it was listed in the company's bankruptcy filing. (Goss Decl., Ex. 9 (Doc. No. 144-4 at 24).) The bankruptcy proceeding closed on June 19, 2012. (<u>Id.</u> Ex. 10.)

must show that the defendant acted willfully - that defendant engaged in deliberate or egregious conduct. "In finding that the default was willful, the court must be persuaded that the defendant made a strategic decision and deliberately chose not to appear. Mere negligence or carelessness is insufficient for a finding of willfulness." United Pet Group, Inc. v. Axon US, Corp., Civ. No. 13-126, 2013 WL 5592617, at *3 (E.D.N.Y. Oct. 10, 2013). Where the record does not sufficiently establish the requisite level of willfulness, enhanced damages are not appropriate. Iowa State Univ. Research Foundation, Inc. v. Greater Continents Inc., 81 Fed. App'x. 344 (Fed. Cir. 2003).

Reshare has not submitted any evidence that Discovery Toys made a strategic or deliberate decision not to answer the complaint. There is no evidence of any communications between these parties at all. In addition, the allegations in the complaint as to willfulness against Discovery Toys are conclusory. Reshare alleges that Discovery Toys had knowledge of the '641 patent prior to suit, but Reshare did not include any factual allegations as to how Discovery Toys had such knowledge. Accordingly, the Court finds that the record in this case does not support a finding of enhanced damages.

### C.     Prejudgment Interest

Reshare also seeks pre-judgment interest at the rate of 3.25% on all damages from September 12, 2011, the date this action was filed, to the date of judgment.  It is within the discretion of the district court to grant pre-judgment interest.  <u>Gen. Motors Corp. v. Devex Corp.</u>, 461 U.S. 648, 657 (1983).  The Supreme Court has held that prejudgment interest should be awarded under § 284 "absent some justification for withholding such an award" such as undue delay on the part of the patent holder.  <u>Id.</u>  Reshare asserts it is entitled to prejudgment interest at the current prime rate in order to fully compensate it for its financial injury, as there is no justification to deny such an award.      <u>See</u> <u>Studiengesellschaft Kohle m.b.H. v. Dart Indus., Inc.</u>, 862 F.2d 1564, 1579-80 (Fed. Cir. 1988).  The Court finds that Reshare has demonstrated that it is entitled to prejudgment interest.

### D.     Costs

Reshare further asserts it is entitled to costs, pursuant to Fed. R. Civ. P. 54 (d)(1), as Reshare is the prevailing party.  The Court finds that as the prevailing party, Reshare is entitled to costs.

7

### E.     Attorney's Fees

Finally, Reshare requests attorney's fees pursuant to 35 U.S.C. § 285, which provides that "in exceptional cases [the court] may award reasonable attorney fees to the prevailing party."  Reshare has the burden of proving by clear and convincing evidence that the case is exceptional.  <u>Digeo, Inc. v. Audible, Inc.</u>, 505 F.3d 1362, 1367 (Fed. Cir. 2007).  If Reshare meets this burden, the Court should then determine whether attorney's fees are justified.  <u>Id.</u> at 1367.  Where plaintiff failed to demonstrate willfulness, and there is no evidence of bad faith by the non-movant, attorney's fees may not be appropriate.  See <u>Iowa State</u>, 81 Fed. App'x. at 6.

In this case, the record does not support a finding that this is an exceptional case.  Although the factual allegations are deemed admitted, there are few factual allegations in the complaint against Discovery Toys, and no factual allegations supporting a finding of willfulness or bad faith on the part of Discovery Toys.

Accordingly,

**IT IS HEREBY ORDERED:**

1.  Reshare Commerce, LLC's Motion for Default Judgment Against Discovery Toys LLC [Doc. No. 139] is GRANTED in part and DENIED in part as follows:  The Court awards to Reshare Commerce, LLC (1) compensatory damages in the amount of $48,000, (2) pre-judgment interest of 3.25% on all damages from September 12, 2011 to the date of judgment, and (3) costs in the amount of $976.00.

    **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   January 28, 2014

s/ Michael J. Davis
Michael J. Davis
Chief Judge
United States District Court
